## BATE v. SHEETS.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*H. Y. Morrison,* for appellee.

DRAINAGE OF LAND.—*Assessment.*—*Pleading.*—In a complaint upon an assessment against lands of the defendant to construct a ditch, under the act of March 11th, 1867, 3 Ind. Stat. 228, it is not necessary to show the specifications on which the assessment was made, the interest of the plain-

tiff in the work, the description of the defendant's lands sought to be charged, and his ownership of the land, there being filed with the complaint a proper petition and the proceedings of the board of county commissioners thereon.

SAME.—*Schedule.—Description of Land.*—In such case, the appraisers, having in their hands the petition and the proceedings thereunder of the board of commissioners, may, by reference thereto, complete their otherwise incomplete description of the land in their schedule.

SAME.—*Answer.*—In such case, the defendant cannot complain that more land of another person is assessed than is mentioned in the petition.

SAME.—An answer of general denial, in such an action, puts in issue all the material matters presented by special paragraphs of answer alleging that the plaintiff could have drained all his wet lands without affecting the lands of the defendant, and that his whole proceedings were unnecessary for the drainage of his lands; or that the petition did not specify the character of the work; or that the appraisers did not, before the commencement of the action, make out a list of all the lands liable to be affected by the work; or that the petition did not describe and specify all the lands affected, with the names of the owners thereof.

SAME.—*Evidence.—Record of Schedule.*—Where the original schedule of assessment has been lost, the record thereof, in the record books of the county recorder's office may be read in evidence.

SAME.—On the trial of such an action, the evidence will be insufficient, where it does not show the application to the county commissioners, the appointment of appraisers, the notice of the meeting of the appraisers, or any demand of the amount of the assessment by the plaintiff of the defendant.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*H. Y. Morrison,* for appellee.

DOWNEY, J.—Action by the appellee against the appellant, to recover the amount of an assessment against lands of the appellant to construct a ditch, under the act of March 11th, 1867, 3 Ind. Stat. 228, and to enforce the lien therefor.

Questions are presented relating to the sufficiency of the complaint, the sufficiency of the fourth, fifth, eighth, and ninth paragraphs of the answer, and the refusal to grant a new trial.

The complaint alleges that at a special session of the commissioners' court of the county, met in pursuance of a call of the auditor of the county, on the 1st day of October, 1870,

at, etc., the plaintiff made application in writing to the said court, as follows:

" Michael Sheets, your petitioner, respectfully shows your honorable board that he is the owner of the north-west quarter of the south-east quarter of section seven (7), in township twenty-two (22) north of range one (1) east, in Clinton county, Indiana; that Jacob Sheets is the owner of the west half of the east half of said quarter section; that Josiah Bate is the owner of the west half of the north-east quarter of said section seven (7); that petitioner's said lands are wet; that he wishes to reclaim them by draining; that he cannot do so without cutting an outlet drain, as follows, to wit: Beginning in a certain ditch three and forty-one hundredths chains west of the south-east corner of the west half of the north-east quarter of said section, and running thence in a north-westerly direction with said ditch to its terminus, thence with the branch in which said ditch terminates. Whole length, one hundred and fifty-five rods, to intersect Campbell's run. Said outlet will be cut thirty inches deeper than said old ditch now is, at the point of commencement, and of such depth throughout as will give fall at the rate of twelve feet per mile; the average depth to be thirty-one inches; the banks to slope upward and laterally at an angle of forty-five degrees; the ditch to be ten inches wide in the bottom. This ditch will beneficially affect the above described lands. Wherefore your petitioner prays the appointment of three disinterested freeholders appraisers, to assess the benefits and injuries to all lands to be affected by the proposed work.

Signed,                    " MORRISON & PALMER,
                                "Attorneys for Plaintiff."

· It is further alleged in the complaint, that the commissioners appointed three disinterested freeholders. of said county, whose names are given, appraisers, to assess the benefits and damages to all lands liable to be affected by said work; that the auditor of the county made out and delivered to the applicant a transcript of said application and of the proceedings of the board of commissioners thereon, and the applicant deliv-

ered the same to the appraisers; that the said applicant gave notice to the said owners of land, by reading, on. the 4th day of October, 1870, that.such proceedings had been had, and that on the 15th day of October, 1870, said appraisers would meet, at the point of commencement of said proposed work, at two o'clock P. M. of said day, and then and there proceed to view said work and the said lands that would be affected thereby, and make a schedule of said lands and an assessment of the benefits and damages thereto; said notice contained a succinct description of said proposed work, giving the beginning and ending and the general course thereof, also the names of the owners of the lands through which said work was proposed to be done, which would be affected thereby.

It is also alleged that two of the said viewers, to wit, Aaron Ghere and Jacob Whiteman, met at the time and place indicated in said notice, to wit, at the beginning point of said proposed work, at two o'clock P. M., on Saturday, the 15th day of October, 1870, and then and there proceeded to view said proposed work, and all the lands liable to be affected in any way thereby, and to make out a list and schedule of all the lands to be affected by the proposed work, and assessed the amount of benefits to each tract of land, and appended thereto their affidavit that the same was, in all respects, a true assessment to the best of their judgment and ability. A true copy of the schedule and assessment is then set out in the complaint. The land charged to Bate is listed and assessed in two tracts of forty acres each, one charged with thirty and the other with forty-five dollars. And it is averred that the appraisers caused said schedule and assessment to be filed in the recorder's office of said county, on the 17th day of October, 1870, and the same was recorded by said recorder in mortgage record No. 6, p. 419; that after the filing of said assessment in said recorder's office, he proceeded with the prosecution of said proposed work, and prior to September 20th, 1871, completed said work according to the specifications in said application, and on the 26th day of September, 1871, the plaintiff demanded of the said defendant the amount of benefits so assessed against his said

land, which he refused to pay, and the same still remains due and unpaid.

It is then alleged that the said assessment is lost, and although diligent search has been made, it cannot be found.

Judgment is asked for seventy-five dollars, that thirty dollars be made a lien on the south-west quarter of the north-east quarter of section seven, etc., and forty-five dollars be made a lien on the north-west quarter of the north-east quarter of said section, and for other relief.

The first objection made to the complaint is, that it does not show, by proper averments, what the specifications were on which the assessment was made, the interest the plaintiff had in the work, the description of the defendant's lands sought to be charged, and his ownership of the same.

It is claimed that the recital of the petition and the proceedings before the commissioners amounts to nothing. We do not take this view of the matter. It was essential that a proper petition to the board should be presented, and that the board should act thereon, and we think the complaint need not aver these matters otherwise than as it does.

It is contended that the petition did not show, with the requisite certainty, the character of the work to be done, because it does not show whether the ditch was to be an open one or covered. We think it may be reasonably inferred, from the description of it that the drain or ditch was intended to be an open one.

It is next urged that the petition is defective in not giving a description of all the lands of the appellant liable to be affected by the work, and that there is a material discrepancy in this respect between the petition and the schedule as set out in the complaint. We cannot think so. The land of Bate is described as an eighty-acre tract, or half a quarter section, in the petition, while in the schedule and appraisement it is described as follows: "The south-west quarter of the north-east quarter of said section seven(7), Josiah Bate, will be benefited thirty dollars. The north-west quarter of the north-

east quarter of said section seven (7), Josiah Bate, will be benefited forty-five dollars."

It is claimed that the description ought to be sufficient in itself, without reference to any other part of the record of the proceedings. We think, however, that where " said section seven " is mentioned in the schedule, we should understand it to mean the same section seven named in the petition. It would be too strict to hold otherwise. The complaint shows that the appraisers had in their hands a copy of the petition and the action of the board thereon, when they made the schedule and assessment, and we should hold that they referred to the petition when they used the words " said section seven." The requisite certainty in the description of the land of the defendant is thus supplied.

It is urged that more land of Jacob Sheets is assessed than is mentioned in the petition, and that this renders the assessment against the appellant's land illegal. We cannot admit this. It seems to us that the more lands of other parties are assessed, and the greater the assessment against them, the less will be the assessment against the lands of the appellant. Jacob Sheets is not making any complaint, so far as we know.

We do not think there is any valid objection to the complaint.

We are next to consider the question as to the sufficiency of the paragraphs of the answer to which demurrers were sustained.

In the fourth paragraph of the answer, the defendant alleged that the plaintiff could have drained all his wet lands, if any he had, without passing over or affecting the lands of the defendant, and his whole proceedings were unnecessary for the drainage of any part of his land.

In the fifth paragraph, he alleged that in his application to the commissioners, the plaintiff did not specify the character of the work to be constructed.

In the eighth, he averred that the appraisers did not, before the commencement of the suit, make out a list of all the lands liable in any way to be affected by said work.

And in the ninth, that in his application to the commissioners he did not describe or specify all the lands that would be or are affected thereby, with the names of the owners thereof.

The general denial was pleaded by the defendant, and it seems to us that the special paragraphs in question did not propose to put in issue anything. material which was not put in issue by the general denial. Counsel for appellant submits no argument in support of these paragraphs of the answer.

The next question arises under the motion for a new trial. It is claimed that the evidence is insufficient. The plaintiff offered and read in evidence the schedule and assessment from the record books of the recorder of the county, after some evidence of the loss of the original, and gave evidence that the work had been done according to the specifications. The defendant gave evidence tending to show that the work was not properly done ; that other lands, not assessed, were affected in the same way as the defendant's, and that the work was not necessary in order to drain the plaintiff's land. The plaintiff then gave as rebutting evidence other testimony, tending to show that the work was necessary to drain his land. This was all the evidence, and we think it was insufficient.

There was no evidence of the application to the county commissioners, nor of the appointment of the appraisers, nor of notice of the meeting of the appraisers, nor of any demand of the amount of the assessment by the plaintiff of the defendant; all of which facts are alleged in the complaint, and required by the statute to give a right of action.

We do not think there is anything in the objection to the reading of the schedule and assessment as recorded on the record book of the recorder, the original being lost.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.